1

**Thomas E. Beck, Esq.** (SBN 81557)
THE BECK LAW FIRM
Post Office Box 101
Los Alamitos, California 90720
Telephone No. (562) 795-5835
Email: becklaw@earthlink.net

Attorneys for Plaintiff MARISELLA MACIAS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISELLA MACIAS | CV |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| v. | 1. Violation of Civil Rights (42 U.S.C. §1983) |
| CITY OF FULLERTON, Corporal JOSEPH ZUNIGA, individually and as a peace officer, DOES 1-10, inclusive. | 2. Monell Claim (42 U.S.C. §1983) |
| Defendants. | 3. False Imprisonment |
| | 4. Intentional Infliction of Emotional Distress |
| | 5. Negligent employment, retention, supervision |
| | 6. Banes Civil Rights CC § 52.1 |
| | 7. Negligence |
| | **DEMAND FOR JURY TRIAL** |

## JURISDICTION

1.      Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

2.      At all times herein mentioned, Plaintiff was a residents of the County of San Bernardino, City of Ontario, State of California.

3.      At all times herein mentioned, Defendants Corporal JOSEPH ZUNIGA and DOES 1-10, inclusive were and are employees of the FULLERTON POLICE DEPARTMENT acting under the color of law.

4.      Defendant CITY OF FULLERTON (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the FULLERTON POLICE  DEPARTMENT, and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics, methods, practices, customs and usages.

5.      Plaintiff is informed and believe and thereon alleges that each of the Defendants designated as a DOE is intentionally and otherwise responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.  The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint in accordance with FRCP 15 and California Code of Civil Procedure Section 474 to show their true names and capacities when same have been ascertained.

6.    Defendants, and each of them, did the acts and omissions hereinafter alleged in willful bad faith and with advance knowledge that their conduct violated well established constitutional law and statutes.

7.    The incidents complained of began in the City of Fullerton October 12-13, 2018 at or near 101 W. Commonwealth Ave. known as JP23, a "sports bar." Plaintiff attended JP 23 for the first time with two girlfriends at approximately 10pm. Shortly after 11 pm, Latoya Reniero was assaulted by an unidentified female while dancing. Plaintiff and Celia Lopez had no part in the "fight." Bouncers grabbed both parties and hustled them out the same front door while directing Plaintiff and Ms. Lopez to go with her friend Latoya.  By the time Plaintiff and Ms. Lopez had exited, Latoya and the unidentified aggressor who started the fighting continued outdoors until Fullerton Police arrived, including Defendant Cpl Joseph Zuniga. Latoya had her back to Plaintiff and Ms. Lopez while seated on the curb being controlled by Zuniga.  Plaintiff approached attempting to ask Latoya if she was ok but Defendant Zuniga shined his flashlight at her and angrily addressed Plaintiff "are you involved?" Plaintiff did not immediately respond which apparently displeased Zuniga. Zuniga suddenly and without warning reached out, forcibly grabbed Plaintiff and threw Plaintiff to the pavement, causing injuries on the right side of her body from head to toe. Stunned by Zuniga's assault, Plaintiff began to cry from pain and fear when approached by FPD officer Turner who indicated he'd seen what Zuniga had done to Plaintiff and apologized the her while helping plaintiff to her feet. Turner questioned Plaintiff about what had happened inside JP23 before his arrival. Plaintiff and witness Ms. Lopez recounted Latoya had been assaulted by another female on the dance floor and a fight broke out. Plaintiff attempted to identify Latoya's assailant but realized she was not being detained and was no longer on scene. Plaintiff showed Officer Turner her injuries caused by Zuniga and demanded Zuniga's name and badge number. Zuniga approached without identifying himself

and announced Latoya was being taken to jail and "it was over." Still injured and in pain, Plaintiff was instructed to collect Latoya's purse and property which were left at the scene and then drove herself home, photographed her own injuries and sought and received medical treatment.

8.   Approximately 7 hours after being assaulted, Plaintiff and witness Lopez returned to the Fullerton Police Department to lodge a complaint against Defendant Zuniga with a Sgt. Clyde. Clyde represented he was receiving Plaintiff's complaint and summoned a female officer to photograph Plaintiff's wounds as "evidence." Clyde obtained Plaintiff's statement but not witness Lopez's.

Although required by California Penal Code §832.5 and FPD policy, no actual internal administrative complaint investigation was undertaken in response to Plaintiff's complaint. Not until Plaintiff wrote directly to the Interim Chief of Police, the mayor and city council members in January 2019 demanding action be taken on her 3 month old complaint was an internal investigation initiated by a Sgt. Craft. Without ever contacting known percipient witnesses or reviewing Plaintiff's medical records identified to Sgt. Craft, on March 20, 2019, Captain Rhonda Cleggett on behalf of the Interim Chief and City wrote to Plaintiff informing her that Plaintiff's complaint that Cpl Zuniga had assaulted her for no valid reason and thereby used unreasonable and unwarranted force upon a person being arrested-- in violation of FPD regulation 340.5.9(b)--was unfounded, (meaning the complaint was false) despite the conclusion that the investigation "clearly established the alleged acts occurred." In accordance with the custom and practice of the FPD, Captain Cleggett falsely asserted Cpl Zuniga's intentional attack was "justified, lawful and/or proper" when it clearly and objectively was not. As a result, Cpl Zuniga has suffered the just consequences of his violent and corrupt misconduct, once again shielding said defendant from accountability for his felonious wrongdoing, all in accordance with long standing FPD custom, policy and practice.

## FIRST CAUSE OF ACTION

**(VIOLATION OF FEDERAL CIVIL RIGHTS - UNREASONABLE DETENTION & SEIZURE, EXCESSIVE FORCE, FALSE IMPRISONMENT, DUE PROCESS, EQUAL PROTECTION AND CONSPIRACY - 42 U.S.C. § 1983)**

**(By Plaintiff Against All Individual Defendants)**

9.     Plaintiff refers to and replead each and every allegation contained in paragraphs 1 through 8 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

10.     This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

11.     Commencing at or about the aforementioned date and place, without lawful cause or justification, and acting under color of law, Defendants Cpl JOSEPH ZUNIGA and DOES 1-10 and each of them, intentionally and maliciously deprived Plaintiff of rights secured to her against unreasonable detention, unreasonable seizure, retaliatory police action and unreasonable and unjustified force by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

12.     Defendants, and each of them, entered into a meeting of minds to falsely and corruptly cover up and excuse Cpl ZUNIGA's unjustified violence against Plaintiff  and each carried out and perpetrated the mutually supportive unlawful conspiracy to deprive Plaintiff of her rights against unreasonable searches and seizures and due process by coming to a meeting of minds by participating in a

mutually supportive, willfully corrupt effort to shield Cpl ZUNIGA from accountability for his unconsitutional misbehavior supported by defendants. Defendants, and each of them, engaged in multiple acts in furtherance of said conspiracy by making wilful and materially false statements to investigator Sgt. Craft and others.

13.    As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain, together with shock to her nervous system, great fear, anxiety, torment, degradation and emotional distress.

14.    By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred medical, therapeutic, legal, investigative and other expenses in an amount as proved.

15.    In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to her usual occupation, and has suffered loss and impairment of earnings and employment opportunities all to their damage in an amount as proved.

16.    By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorneys fees.

17.    The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff and/or with conscious disregard of Plaintiff's

1  constitutional rights. By reason thereof, Plaintiff seeks punitive and exemplary
2  damages from Defendants, and each of them, (except Defendant CITY) in an amount
3  as proved.

4                        **SECOND CAUSE OF ACTION**

5   **(UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)**

6                  **(By Plaintiff Against Defendant City)**

7        18.    Plaintiff refers to and repleads each and every allegation contained in
8  paragraphs 1 through 17 of this complaint, and by this reference incorporates the
9  same herein and makes each a part hereof.

10

11        19.    Defendant CITY is and at all times herein mentioned has been a public
12  entity and an incorporated municipality duly authorized and existing as such in and
13  under the laws of the State of California; and at all times herein mentioned,
14  Defendant CITY, possessed the power and authority to adopt policies and prescribe
15  rules, regulations and practices affecting the operation of the FULLERTON POLICE
16  DEPARTMENT and its tactics, methods, practices, customs and usages related to
17  internal investigations, personnel supervision and records maintenance, and the
18  proper uses of force by its rank and file, generally.

19

20        20.    At all times herein mentioned, defendants CPL JOSEPH ZUNIGA and
21  DOES 1-10, were employees acting under the CITY'S direction and control, who
22  knowingly and intentionally promulgated, maintained, applied, enforced and suffered
23  the continuation of policies, customs, practices and usages in violation of the First,
24  Fourth, and Fourteenth Amendments respectively to the United States Constitution,
25  which customs, policies, practices and usages at all times herein mentioned deployed,
26  retained and assigned persons as peace officers who have repeatedly demonstrated
27  their  propensities for unreasonable force, physical and emotional brutality,
28  dishonesty including false accusations of crime, willfully false and misleading

statements to internal investigators, bigotry, and numerous other serious abuses of their duties as peace officers in the employment of the CITY.

21. Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to historically widespread police abuses, including but not limited to unlawfully arresting and booking citizens for allegedly violating Penal Code Sections 148, 243, 69, among others, intentionally failing and refusing to fairly and impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by Defendant CITY and its various Chiefs of Police prior to and since October 12, 2018 as was revealed by OIR Group and Michael Gennaco following the death of Kelly Thomas at the hands of Fullerton Police Department employees July 5, 2011. OIR and Gennaco published a 56 page Systemic Report, followed by a published interim report and a third confidential administrative report condemning FPD's pervasive refusal to enforce its own rules and regulations and California law relating to officer misconduct, particularly with respect to excessive force, false reports and  fabricated probable cause, together with FPD's historical turning of blind eyes to officer misconduct and the systemic, institutional  refusal to discipline any officers engaged in unlawful conduct.

22. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by defendant CITY include, but are not limited to:

(1) Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward detainees and arrestees; Specifically, CITY knew Defendants Cpl Joseph Zuniga and DOES 1-10, had prior to and since October 12, 2018 committed similar acts of  violence, dishonesty, corruption and

abuses while purporting to act under the authority of their offices; CITY and FPD knew Defendant ZUNIGA had unlawfully assaulted, injured, falsely accused and arrested persons yet continued to promote ZUNIGA to Corporal; offered employment to ZUNIGA with knowledge of his unfitness unconvered in background investigations of Defendants ZUNIGA and DOES 1-10 which among other things, revealed admitted dishonesty, proven commission of crimes and acts of moral turpitude, acts of violence, false and misleading responses to background questionnaires, skipped polygraphs, and other indicia of moral and ethical unfitness to employment as peace officers.

(2)     Defendant CITY had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees as reported by OIS and Gennaco;

(3)     Defendant CITY persistently refused to adequately discipline individual officers and employees found to have committed acts of abuse and misconduct as reported by OIS and Gennaco;

(4)     Defendant CITY persistently refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by FULLERTON POLICE DEPARTMENT officers and employees as reported by OIS and Gennaco;

(5)     Defendant CITY reprimanded, threatened, intimidated, demoted and fired officers who reported acts of wrongdoing and abuses by other officers, including, but not limited to Benjamin Lira;

(6)     Defendant CITY participated in cover-up acts of misconduct, criminal violations and abuses by FULLERTON POLICE DEPARTMENT officers and sanctioned a code of silence by and among officers as reported by OIS and Gennaco and conceded by

department officials during OIS and Gennaco's investigations;

(7)     Defendant CITY knew of and sanctioned the custom and practice of falsely arresting, booking and charging victims of officer abuse with violations of California Penal Code Sections 69, 148, 243, 415, 647(f), among others.

(8)     Defendant CITY failed to adequately train and educate officers in the principals of reasonable cause to take a person's freedom, the use of reasonable and proper uses of force and repeatedly failed to enforce the department's written regulations with respect to uses of force as was the case with Plaintiff along with lawless arrests as disclosed by OIS and Gennaco's reports;

(9)     Defendant CITY failed to adequately supervise the actions of officers under FPD's control as revealed by OIS and Gennaco;

(10)    Defendant CITY, condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating FULLERTON POLICE DEPARTMENT and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

(11)    Defendant CITY condones and encourages a conspiracy of silence among its law enforcement sworn and unsworn employees for the purpose of concealing and furthering wrongful and illegal conduct by its police department employees;

(12)    Defendant CITY engage in the custom and practice of refusing to provide public prosecutors and criminal defendants exculpatory and impeaching evidence as required by law, including but not limited, to City surveillance video recordings, body worn cameras (BWC) and evidence obtained from third parties unfavorable to FPD officers.

(13)    Defendant CITY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which before, on and after October 12, 2018 represented the unconstitutional policies, practices and customs of the CITY and FULLERTON POLICE DEPARTMENT.

23.    By reason of the aforesaid policies, customs, practices and usages, plaintiffs rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution were invaded and deprived.

### THIRD CAUSE OF ACTION
### (FALSE IMPRISONMENT)
**(By Plaintiff Against CITY, ZUNIGA and DOES 1-10)**

24.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 23 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

25.    Plaintiff timely filed her claim for damages with the Clerk of the City of Fullerton on February 25, 2019. Said claim was rejected by letter dated May 7, 2019.

26.    On October 12-13, 2018 Plaintiff was unlawfully seized, forcibly detained without reasonable suspicion and  arrested without probable cause. Said imprisonment was conducted intentionally, without warrant or order of commitment or any legal authority of any kind as Plaintiff had not committed any crime or public offense.

27.    As a proximate result of the acts of Defendants, and all of them, Plaintiff has suffered economic and non economic damages including  to her professional reputation and shame, humiliation and embarrassment in the community.

28.    As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the

First Cause of Action, including, but not limited to, general, special and punitive damages.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(By Plaintiff Against Defendants CITY, CPL ZUNIGA, and DOES 1-10)**

29.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 28 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

30.     On or about the aforesaid dates, and thereafter, Defendants CITY, ZUNIGA and DOES 1-10 and each of them, unlawfully, intentionally and maliciously caused Plaintiff to be violently seized, searched and arrested causing physical and mental injuries for no discernable or other justifiable cause and exacerbated her emotional distress by initially refusing to act on her complaint seriously and investigate her charges impartially and willfully cover up and exonerate ZUNIGA's reckless, intentional wrongdoing with the purpose and intention or in reckless disregard of the consequences of their actions causing Plaintiff severe emotional distress or in callous disregard thereof.

31.     In doing the aforementioned, Defendants' conduct was intentional, outrageous, malicious, and done for the purpose of causing, or in reckless disregard of causing,  Plaintiff to suffer emotional suffering and mental distress, fear, anxiety, and mental anguish.

32.     As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, mental and emotional distress and are entitled to and demand

damages against Defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to general and punitive damages against ZUNIGA and  DOES 1-10.

## FIFTH CAUSE OF ACTION
## NEGLIGENT EMPLOYMENT/RETENTION/SUPERVISION
### (By Plaintiff Against CITY, DOES 6-10)

33.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 32 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

34.    On or about October 12, 2018 and for some uncertain time prior thereto, Defendants CITY and DOES 6-10  knew or in the exercise of due care should have known, that Defendants ZUNIGA and DOES 1-5, and each of them, had a propensity, character trait, and practice, for dishonesty, prevarication and the abuse of their positions as employees of the Fullerton Police Department and the City of Fullerton.

35.    At all times mentioned herein, Defendants CITY and DOES 6-10 knew or in the exercise of due care should have known, that the afore described traits of character, practices and propensities of Defendant ZUNIGA and DOES 1-5, and each of them, made them unfit to serve as employees of the Fullerton Police Department and City of Fullerton and were likely to cause harm and injury to members of the public, including the plaintiff.

36.    Notwithstanding such knowledge, Defendants CITY and DOES 1-5, negligently, carelessly and recklessly, hired, employed, retained and failed to properly supervise, train and control Defendants ZUNIGA and  DOES 1-5, and each of them, inclusive, as employees and assigned said Defendants to duties which

enabled each of them to seize and physically injure then cover up illegal detentions, arrests, fabricate probable cause and crimes of totally innocent persons of which the plaintiff was one.

37.   As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action.

## SIXTH CAUSE OF ACTION
### VIOLATIONS OF CALIFORNIA CIVIL CODE §52.1
### (By Plaintiff Against Defendants CITY, ZUNIGA, DOES 1-5)

38.   Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 37 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

39.   On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiff's civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California by physical violence, threats, intimidation and/or coercion, thereby violating California Civil Code Sections 52.1 and the right against physical violence guranteed by Civil Code §43 by conducting themselves against the plaintiff as described in paragraphs 6 through 9.

40.   As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code section 52.1.

## SEVENTH CAUSE OF ACTION
### NEGLIGENCE
### (By Plaintiff against Defendant City, Does 1-10)

14

41.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 40 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

42.     Plaintiff is owed the duty by Defendant CITY  and by its employees and agents to safeguard and insure against the careless and/or negligent acts and omissions of its employees pursuant to Government Code sections 815(a), 815.6, 820(a) and *Legtu v. California Highway Patrol* (2001) 26 Cal.4th 703, 715, 110 Cal.Rptr.2d 528.

43.     On dates and times presently unknown to Plaintiff, Defendant CITY and its employees and agents breach their duty of care to the plaintiff by hiring, retaining, supervising, and promoting Defendant ZUNIGA and DOES 1-5.

44.     As the proximate result of the negligence and breach of duty of care owed Plaintiff, Plaintiff was damaged when seized and assaulted by defendant ZUNIGA October 12-13, 2018.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.     For General damages according to proof;

2.     For Special damages according to proof;

3.     For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;

4.     For attorney's fees pursuant to 42 U.S.C § 1988 and Civil Code 52.1(h);

5.     For Costs of suit;

6.      For such other and further relief as the Court may deem proper.

DATED:        May 23, 2019              **THE BECK LAW FIRM**


By___/s/Thomas E. Beck_____
       Thomas E. Beck
       Attorneys for Plaintiff


## PLAINTIFF'S JURY DEMAND


Plaintiff hereby demands a trial by jury.


DATED:  May 23, 2019              **THE BECK LAW FIRM**


By___/s/Thomas E. Beck_____
       Thomas E. Beck
       Attorneys for Plaintiff

16